UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEMARIE UNDERWOOD,

    Plaintiff,

v.                                                                   Case No: 8:18-cv-1101-T-36AAS

THE CROSSINGS AT RIVERVIEW, LLC,

    Defendant.
_____/

## **ORDER**

    This matter is before the Court upon Plaintiff's Motion to Remand (Doc. 16) and Defendant's response (Doc. 18). Although Defendant argues that the claim exceeds the minimum amount in controversy, which it calculates by adding an estimated back pay award of $50,388.95, attorney's fees in the amount of $1,250 and compensatory damages, doubt still exists regarding subject matter jurisdiction. The Court, having considered the motion and otherwise being advised of the premises, will grant the Motion to Remand.

    **I.    Background**

    Plaintiff filed this action under the Florida Private Whistleblower Act, Florida Statutes § 448.102 ("FPWA") alleging that she reported several violations of Florida Statutes § 400.022(1)(o), which obligated Defendant to "keep its residents free from mental and physical abuse, corporal punishment, extended involuntary seclusion, and from physical and chemical restraints." Doc. 2 at ¶ 12. Defendant terminated her after she reported that her coworkers mentally and physically abused patients. *Id*. at ¶¶ 13-14. She demands indeterminate damages for lost wages, compensatory damages, costs, attorney's fees and reasonable expenses. *Id*. at ¶ 19.

On May 7, 2018, Defendant filed the Notice and Petition of Removal (the "Notice"), alleging that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* Doc. 1. However, the Court determined that Defendant had not sufficiently established this Court's subject matter jurisdiction and entered an Order to Show Cause. Doc. 11. Defendant filed its Response to the Order to Show Cause arguing that the back pay and lost wages calculation is approximately $50,388.95, assuming a trial date in October 2019, and citing compensatory damages awards in purportedly comparable cases to establish that the remaining amount in controversy exceeds the threshold.

Shortly thereafter, and before the Court could determine whether the Response sufficiently addressed the Court's concerns regarding subject matter jurisdiction, Plaintiff filed her Motion to Remand. Doc. 16. In it, she argues that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* Doc. 16. Specifically, she argues that because the Defendant does not calculate the damages as of the date of removal, does not consider Plaintiff's mitigation efforts, and includes attorneys' fees in the calculation, the calculation is insufficient to meet its burden. And, she argues, the Complaint's indeterminate request for compensatory damages, punitive damages, and front pay are "too nebulous" for the Defendant to rely on in meeting its burden.

## II.   Legal Standard

Subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists when there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000. "Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of South Ala. v.*

*Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

To invoke this Court's jurisdiction under 28 U.S.C. § 1332, Defendant must establish complete diversity and that the amount in controversy exceeds $75,000. When the jurisdictional amount is not facially apparent from the complaint, the court must look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). The burden of proving jurisdiction lies with the removing defendant and a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without an affirmative showing of underlying facts supporting such an assertion, is insufficient to meet this burden. *Id.* at 1319-20.

### III. Discussion

Defendant's calculation relies upon damage awards from comparable cases, a back pay calculation through the projected trial date, and attorney's fees. The calculation is insufficient to meet the Defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

#### *a. The comparator cases are not sufficiently persuasive*

A removing defendant can discharge his burden of showing that the plaintiff's claim meets the amount in controversy requirement by presenting decisions rendered in comparable cases. *Simmons v. Washington Mut. Fin., Inc.*, 8:06CV01613-JDWTBM, 2007 WL 641101, at *1 (M.D. Fla. Feb. 26, 2007) (citing *Holman v. Montage Group,* 79 F.Supp. 2d 1328, 1330 (S.D. Ala. 1999).

But a defendant's proposed calculation of the amount in controversy should not depend on "speculation, stretching, straining, puffing, or the tendentious summing of all the pluses without regard to any of the minuses[.]" *Davis v. Tampa Ship, LLC*, 8:14-CV-651-T-23MAP, 2014 WL 2441900, at *3 (M.D. Fla. May 30, 2014). The Court must rely on "solid, reliable, and balanced numbers and, absent a sound and enduring demonstration of the requisite amount in controversy, remand the action to state court." *Id*.

The Eleventh Circuit has questioned whether general evidence as to the value of claims in other suits "is ever of much use in establishing the value of claims in any one particular suit." *Lowery v. Ala. Power*, 483 F.3d 1184, 1121 (11th Cir. 2007). That is especially true where the party seeking to establish diversity jurisdiction does not provide supporting information, such as facts explaining the amount of potential compensatory damages or similarities to other cases. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (stating that conclusory allegations in a notice of removal with unsupported assumptions, i.e., that similar cases awarded damages more than the jurisdictional threshold, were insufficient).

Simply stating that other cases have surpassed the jurisdictional threshold, without more, is insufficient. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (concluding that the plaintiff did not meet his burden of establishing his claim satisfied the amount in controversy requirement where the plaintiff did no more than cite to what has happened in past cases); *Nelson v. Black & Decker (U.S.), Inc.*, No. 8:16-cv-869-T-24JSS, 2015 WL 12259228, at *2 (M.D. Fla. Aug. 31, 2015) (holding that comparator cases were insufficient to establish requisite amount in controversy).

In this case, although Defendant identifies four cases with purportedly similar allegations, *see* Doc. 18 at 6, the Court is not persuaded that the compensatory damage award would establish an amount in controversy over $75,000. Defendant relies on the following four cases.

In *Harden v. Baywood Nursing Center, Inc.*, 16 Fla. J.V.R.A. 3:25 (Fla. 6th Cir. Dec. 5, 2005), plaintiff alleged wrongful termination under FPWA for reporting her coworkers' fraudulent timekeeping practices in a nursing home. She alleged that coworkers did not provide adequate care to the residents due to extended absences from work and fraudulent timekeeping practices. The jury awarded the plaintiff $125,000 in damages for emotional distress, $800 for lost earnings and $108,000 in attorney's fees and costs.

In *Maisonville v. Central Florida Lions Eye & Tissue Bank*, 97 FJVR 11-67 (Fla. 10th Jud. Cir. Feb. 1, 1997), the plaintiff, an organ transplant coordinator, alleged unlawful termination under the FPWA after she reported her coworkers' unethical activities. She also alleged sexual harassment, sexual assault, sexual battery, negligence, defamation and invasion of privacy. The trial proceeded on the whistleblower claim only. The jury awarded plaintiff $132,380.60 ($57,380.60 - past lost earnings; $50,000 - past pain and suffering; $25,000 - future pain and suffering). But the trial court granted the defendant's motion for directed verdict. *See also Maisonville v. Central Florida Lions Eye & Tissue Bank,* JVR No. 209928, 1997 WL 801595 (Fla. 10th Jud. Cir. Feb. 1, 1997).

In *Palma v. Quality Equipment Corp.*, JVR No. 1409150050, 2014 WL 4562362 (Fla. 11th Jud. Cir. Jun. 10, 2014), the plaintiff alleged that his employer demoted him and reduced his hours and pay after he refused to sign a false statement regarding a coworker's pending wage and hour legal proceeding. He alleged constructive discharge and willful, malicious, intentional retaliation. He received a jury award including $153,600 in lost wages, and $30,700 for mental anguish.

In *Bliss and Phipps v. Atlantic Shores Healthcare, Inc*., 13 Fla. J.V.R.A. 11:27, 2003 WL 26454254 (Fla. 17th Jud. Cir. 2018), two psychologists brought whistleblower actions for retaliatory termination after reporting that the defendant falsely identified employees as licensed psychologists and filed untruthful patient evaluations and treatment reports. The jury awarded plaintiffs $120,000 and $165,000 in damages.

These purportedly comparable cases are distinguishable in many respects, not the least of which includes that they were all tried in state court. Although the FPWA is a state claim requiring application of Florida substantive law, federal rules of procedure and evidence apply in this Court. *See Horowitch v. Diamond Aircraft Indus., Inc*., 645 F.3d 1254, 1257 (11th Cir. 2011), *certified question answered*, 107 So. 3d 362 (Fla. 2013) (quoting *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)) ("As a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law.").

And although some similarities exist in the cited cases, "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the plaintiff's] assertion" that the amount in controversy exceeds $75,000. *Federated Mutual Insurance Co*., 329 F.3d at 809. *See also Jackson v. Litton Loan Servicing, LP*, 2010 WL 3168117, at *5 (M.D. Ala. Aug. 10, 2010) ("[R]eliance on state court awards in purportedly similar cases is disfavored in this Circuit."); *Nelson,* 2015 WL 12259228, at *2 ("Even if Defendants had cited to specific jury verdicts in cases that involve similar injuries to those suffered in this case, this Court would still question how illuminating past jury verdicts in other cases can be on the actual amount in controversy in this case.").

### *b. The back pay calculation through trial is too speculative*

The district courts are split on whether to calculate back pay through the date of trial rather than the date of removal. *See Burrows v. State Farm Mut. Automobile Ins. Co.*, 8:17-CV-212-T-27AEP, 2017 WL 3316131, at *2 (M.D. Fla. Aug. 3, 2017) (cases cited therein). *But see Wineberger v. RaceTrac Petroleum, Inc.*, 672 Fed. Appx. 914, 916-17 (11th Cir. 2016) (applying a "highly deferential review" for clear error and affirming a district court's estimate of damages for jurisdictional purposes, which included an estimation of back pay through the date of the anticipated trial).[1] As an unpublished opinion, *Wineberger* is not binding. *See United States v. Rodriguez*, 751 F. 3d 1244, 1251 n. 5 (11th Cir. 2014); 11th Cir. R. 36-2.

Even assuming post-removal back pay is in controversy at the time of removal, the Defendant's reliance on a lost wages calculation based on a projected trial date of April 2020 is too speculative. The estimate does not consider that the case may resolve before trial. *See Davis*, 2014 WL 2441900, at *2 (" '[E]xperience and common sense' suggests that this action will resolve before trial.").

Defendant argues that Plaintiff presents no evidence of mitigation or the projected settlement date, but it is Defendant's, and not Plaintiff's, burden to produce evidence that preponderates in favor of establishing jurisdiction. Therefore, although Plaintiff has not submitted evidence of her mitigation, as *Davis* puts it, " '[c]ommon sense' suggests that, during the next [several] months, the typical plaintiff will either substantially mitigate his damages or fail to fulfill his obligation to mitigate his damages." 2014 WL 2441900, at *2. *See also Moreland v. Suntrust*

---

[1] *Wineberger v. Racetrac Petroleum, Inc.*, 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) ("Defendant calculates Plaintiff's claim for back pay from the date of termination through an estimated trial date of twenty-four months from the date the complaint was filed as $43,289.").

*Bank*, 2013 WL 3716400 (M.D. Fla. July 15, 2013) ("[T]he correct calculation of back pay damages includes a reduction for the income from plaintiff's new employment.")). In either circumstance, the amount is substantially less than $75,000.

### c. *Attorneys' fees*

When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees may be included in the amount in controversy. *See Missouri State Life Ins. Co v. Jones,* 290 U.S. 199, 201 (1933); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). To determine whether those fees are reasonable, a court may look at evidence within the complaint and the party seeking to establish jurisdiction may introduce its own "affidavits, declarations, or other documentation" to meet its burden. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010); *Mirras v. Time Ins. Co.*, 578 F.Supp. 2d 1351, 1352 (M.D. Fla. 2008).

The Eleventh Circuit has cautioned that, "[a]rguably, when the amount in controversy depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot*, 204 F.3d 1069, 1080 n. 10 (11th Cir. 2000). And courts are especially vigilant where, as here, assertions regarding attorney's fees are self-serving. *See Direct Gen. Ins. Co. v. Gay*, No. 4:10CV336-SPM WCS, 2010 WL 4736906, at *4 (N.D. Fla. Nov. 15, 2010) (granting motion to dismiss for lack of subject matter jurisdiction and finding that plaintiff had not met its burden of showing that a reasonable amount of attorney's fees would reach its own assessment of over $65,000). *See also Hall v. Am. Sec. Ins. Co*., 2009 WL 2215131, *2 (S.D. Fla. 2009) ("Merely relying on general statements that any litigation of this nature would result in that level of fees is insufficient to meet the burden of proof.").

Defendant includes an attorney's fees calculation of $1,250 through the date of removal which it characterizes as conservative, citing *Bush v. Raytheon Co*., No. 8:07-cv-02087, 2010 WL

2044887, at * 5 (M.D. Fla. May 21, 2010). There, the court found that $250 per hour for defense counsel in a FPWA case was a reasonable hourly rate. *Id*. Based on that rate, Defendant requests five hours' worth of attorney time. Although the attorney's fee calculation appears reasonable, this amount is insufficient to raise the amount in controversy above the threshold.

Accordingly, Defendant has not met its burden to establish that the amount in controversy in this case exceeds $75,000.

### IV. Attorney's Fees for Motion to Remand

Plaintiff has requested an award of attorneys' fees and costs incurred because of Defendant's improper removal of this action. Under 28 U.S.C. § 1447(c), a remand order "may" require the payment of just costs and actual expenses incurred because of the removal. *Id*. "The word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 136, (2005). Where an objectively reasonable basis for removal exists, the Court should deny a request for attorney's fees. *Id*.

The Eleventh Circuit has noted that this reasonableness standard is meant to balance " 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.' " *Bauknight v. Monroe County, Fla*., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc*., 329 F.Supp. 2d 1314, 1319 (S.D. Fla. 2004).

Plaintiff argues that Defendant lacked a reasonable basis to remove this case. Doc. 16 at 9. Defendant argues that Plaintiff has not shown bad faith and should be denied fees because it had an arguable basis for pursuing removal to this Court. Because there are cases within this district and circuit permitting a removing defendant to establish the amount in controversy through similar back pay calculations and the use of comparator cases, Defendant had a reasonable basis for removal. Accordingly, the request for fees and costs will be denied.

## V. Conclusion

The Court agrees with the overall reasoning in *Davis* that removal based on this kind of speculative calculation is insufficient to meet Defendant's burden to establish the threshold amount in controversy requirement under 28 U.S.C. § 1332. 2014 WL 2441900, at *3. *See also Burrows v. State Farm Mut. Automobile Ins. Co.*, 8:17-CV-212-T-27AEP, 2017 WL 3316131, at *5 (M.D. Fla. Aug. 3, 2017) (remanding case for failure to prove threshold amount in controversy). Plaintiff's claim is brought pursuant to a Florida statute, and the Plaintiff chose a Florida court in which to assert her rights. Defendant's strained attempt to establish an amount in controversy exceeding $75,000 falls short of eliminating doubt as to this Court's subject matter jurisdiction, which the Court resolves in favor of remand. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Remand (Doc. 16) is **GRANTED.**
2. Plaintiff's request for attorney's fees is **DENIED.**
3. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

4. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

5. The Clerk is further directed to terminate all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on August 15, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any